IN THE U.S. DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

MIAMI DIVISION

CASE Nº: _____

NAUTILUS INSURANCE COMPANY,
an Arizona Corporation,

       Plaintiff,

vs.

HCA ENTERPRISES, LLC,
MARION CONLEY,
DONALD CONLEY, JR.,
DONTRELL CONLEY,
VICTORIA CONLEY,
MARGIE CONLEY and
THE ESTATE OF DONALD CONLEY,

       Defendants.

## COMPLAINT FOR DECLARATORY RELIEF

**NAUTILUS INSURANCE COMPANY** (Nautilus) sues **HCA ENTERPRISES, LLC, MARION CONLEY, DONALD CONLEY, JR., DONTRELL CONLEY, VICTORIA CONLEY, MARGIE CONLEY and ESTATE OF DONALD CONLEY** (The Conley Defendants) and says:

1. This is an action for declaratory and other relief pursuant to the Federal Declaratory Judgment Act, 28 USC §2291 and 2202.

2. The amount in controversy exceeds $75,000.00 exclusive of interests and costs.

3. Jurisdiction is proper under 28 USC §1333.

4. Venue is proper in this court.

5. All Defendants are residents of and have their principal place of business in Florida or states other than Arizona.

6. Nautilus Insurance Company is an Arizona corporation with its principal place of business in Arizona.

7. All necessary, central parties and interested persons have been joined in this suit.

8. There is a real, present and substantial dispute, touching the legal relations of parties having adverse legal interests[1], that is capable of complete resolution through a conclusive decree of this court.

9. Judgment in this case will finally and completely resolve all issues between all parties with an interest in the subject matter of this lawsuit.

10. All conditions precedent have either occurred or been waived.

## COUNT I
## DECLARATORY RELIEF

11. Paragraphs 1-10 are re-alleged here.

12. Nautilus Insurance Company issued a Commercial General Liability (CGL) policy (The Policy) that provides liability coverage to Defendant, HCA Enterprises, LLC. *See Exhibit* "A".

13. The Conley Defendants have filed a wrongful death lawsuit against HCA Enterprises, LLC (The Conley Lawsuit). *See Exhibit* "B".

14. The Conley Lawsuit alleges that on April 23, 2010, HCA Enterprises owned, operated and controlled the premises located at 8850 NW 22 Avenue, that unknown assailants on HCA Enterprises, LLC's premises shot and killed Mr.

Conley and that HCA Enterprises, LLC was negligent in failing to protect and provide security and in failing to timely summon help after the shooting occurred. *See Exhibit "B"*.

15. The Policy issued to HCA Enterprises, LLC contains an all assault and battery endorsement that eliminates insurance coverage for any loss, injury or damage arising out of any assault or battery. That endorsement also eliminates the duty to defend lawsuits based on assault or battery.

COMMERCIAL GENERAL LIABILITY

THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.

### EXCLUSION - ALL ASSAULT OR BATTERY

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE PART

A. The following exclusion is **added** to **Paragraph 2., Exclusions of Section I • Coverage A - Bodily Injury And Property Damage Liability, Coverage B - Personal And Advertising Injury Liability, and Coverage C - Medical Payments:**

This insurance does not apply to "bodily injury", "property damage", "personal and advertising injury" or medical payments arising out of any:

1. Actual or alleged assault or battery, regardless of culpability or intent;

2. Physical altercation; or

3. Any act or omission in connection with the prevention or suppression of such acts, including the alleged failure to provide adequate security.

This exclusion applies regardless of whether such actual or alleged damages are caused by any:

1. Insured;
2. "Employee";
3. Patron; or
4. Any other person; and

3

> whether or not such damages occurred at any premises owned or occupied by any insured.
>
> This exclusion applies to:
>
> 1. All causes of action arising out of any assault or battery, regardless of culpability or intent, or out of a physical altercation including, but not limited to, allegations of negligent hiring, placement, training, or supervision, or to any act, error, or omission relating to such an assault or battery or physical altercation.
>
> 2. Any claims or "suits" brought by any other person, firm or organization asserting rights derived from, contingent upon, or arising out of an assault or battery, or a physical altercation; and specifically excludes from coverage claims or "suits" for:
>
>     a. Emotional distress for loss of society, services, consortium or income; or
>
>     b. Reimbursement for expenses including, but not limited to, medical expenses, hospital expenses, or wages, paid or incurred, by such other person, firm or organization; or
>
> 3. Any obligation to share damages with or repay someone who must pay damages because of the injury.
>
> B. We will have no duty to defend or indemnify any insured in any action or proceeding alleging damages arising out of any assault or battery or physical altercation.
>
> All other terms and conditions of this policy remain unchanged.

16. Nautilus Insurance Company is presently defending HCA Enterprises, LLC under a complete reservation of rights.

17. Nautilus Insurance Company seeks a declaration of its rights and duties under The Policy issued to HCA Enterprises, LLC.

18. Nautilus Insurance Company requests that the court

    - Take jurisdiction of this matter.

    - Declare that Nautilus Insurance Company does not have a duty to defend HCA Enterprises, LLC, against the claims made in The Conley Lawsuit;

4

- Declare that Nautilus Insurance Company does not have a duty to indemnify HCA Enterprises, LLC, for the damages sought in The Conley Lawsuit; and

- Award other such relief that the court deems right on the facts of this case.

DATED: ~~August~~ Sept 2nd, 2010.

> FULLERTON GEORGE, LLP
> *Attorneys for Nautilus Insurance Company*
>
> By_____
> **CHARLES M-P GEORGE**
> Florida Bar Number: 996718
> 2000 Ponce de Leon Boulevard
> Suite 501
> Coral Gables, Florida 33134
> Telephone: 305-421-6391
> Email: CGeorge@FullertonGeorge.com